FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2014 JAN 17 PM 3:39

CLERK C Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JAMES WILLIE REDDICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 112-152 |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,[1] | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

James W. Reddick ("Plaintiff") appeals the decision of the Commissioner of Social Security (the "Commissioner") denying his application for Disability Insurance Benefits ("DIB") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

I.  **BACKGROUND**

Plaintiff applied for DIB on March 25, 2009, alleging a disability onset date of February 26, 2009. Tr. ("R"), pp. 88-89. The Social Security Administration denied Plaintiff's application initially, R. 42-45, and on reconsideration, R. 51-52. Plaintiff then

---

[1] For ease of reference, the Court will hereinafter refer to the Acting Commissioner as "Commissioner."

requested a hearing before the Administrative Law Judge ("ALJ"), R. 53-54, and the ALJ held a hearing on March 3, 2011. R. 23-39. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, as well as from James Waddington, a Vocational Expert ("VE"). Id. On April 19, 2011, the ALJ issued an unfavorable decision. R. 9-22.

Applying the five-step sequential process required by 20 C.F.R. § 404.1520, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since February 26, 2009, the alleged onset date (20 C.F.R. § 404.1571 *et seq.*).

2. The claimant has the following severe impairments: disorders of the back and knee (20 CFR 404.1520(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526).

4. The claimant has the residual functional capacity ("RFC") to perform light work[2] as defined in 20 C.F.R. § 404.1567(b) except with no more than occasional climbing, stooping, balancing and no climbing with respect to ladders, ropes and scaffolds. The claimant is unable to perform any past relevant work. (20 C.F.R. § 404.1565).

5. Considering the claimant's age, education, work experience, and RFC, and the testimony of the VE, there are jobs that exist in significant numbers in the national economy that the claimant can perform, including "mail clerk," "counter clerk," and "assembler clerk." (20 C.F.R. §§ 404.1569 and 404.1569(a)). Therefore, the claimant was not under a disability, as defined in the Social Security Act, from February 26, 2009, through April 9, 2011 (the date of the ALJ's decision). (20 CFR § 404.1520(g)).

R. 14-19.

---

[2] "Light work" is defined as work that "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. 20 C.F.R. § 404.1567(b).

2

When the Appeals Council denied Plaintiff's request for review on August 13, 2012, R. 1-7, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of that adverse decision. Plaintiff argues that the Commissioner's decision is not supported by substantial evidence because the ALJ erred by failing to evaluate Plaintiff's credibility properly by disregarding the testimony of the VE. (See generally doc. no. 17 (hereinafter "Pl.'s Br.").) The Commissioner maintains that the ALJ applied the correct law in evaluating Plaintiff's credibility, properly disregarded the vocational testimony given in response to hypotheticals that the ALJ determines do not accurately portray Plaintiff's RFC and vocational characteristics, and that the ALJ's decision is supported by substantial evidence and should be affirmed. (See generally doc. no. 10 (hereinafter "Comm'r's Br.").)

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 401 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to

3

determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

### A. The ALJ Properly Rejected Plaintiff's Testimony Concerning the Intensity, Pain, and Limiting Effects of His Back and Knee Conditions.

Plaintiff argues the ALJ improperly rejected Plaintiff's testimony that, because of back and knee pain: (1) he has problems standing for more than 15 minutes; (2) he cannot sit for more than 15-20 minutes; (3) he does not often drive; (4) his medication makes him sleep a lot; (5) he does not perform cleaning, shopping, laundry, yard work, or make his bed, and his mother prepares his food; (6) he has difficulty sleeping; (7) he experiences weakness in his legs; (8) he lays down 4-5 hours per day; and (9) the pain affects his ability to concentrate. See Pl's Br., pp. 7-8, 11; R. 15-16.

The Eleventh Circuit has established a three-part standard for evaluating a claimant's subjective complaints. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991) (*per curiam*). Under the Eleventh Circuit's standard, Plaintiff must show: (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged symptoms or the restriction arising therefrom, or (3) that the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed restriction. Id. When discrediting a claimant's subjective allegations of disabling symptoms, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995) (*per curiam*).

"Credibility determinations are, of course, for the [Commissioner], not the courts." Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). Moreover, this Court is

5

required to uphold the Commissioner's credibility determination if it is supported by substantial evidence. Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir. 1980) (*per curiam*). As the Eleventh Circuit explained:

> Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court. The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the district court or this Court] to conclude that [the ALJ] considered [his] medical condition as a whole.

Dyer v. Barnhart, 395 F.3d 1206, 1210-11 (11th Cir. 2005) (*per curiam*) (internal quotation marks and citations omitted).

Here, the ALJ appropriately followed the Holt analysis when reaching the conclusion that Plaintiff's subjective complaints were not credible to the degree alleged. R. 17. First, the ALJ acknowledged the evidence of Plaintiff's underlying medical conditions of back and knee problems. R 15-16. As the ALJ pointed out, Plaintiff does have an extensive history of problems with his back that begins with a lumbar fusion in 1997. R. 16. Nine years later, in 2006, an MRI revealed broad base disc protrusion with foraminal stenosis and a nerve conduction study/EMG revealed evidence of bilateral L5 radiculopathy but no evidence of peripheral neuropathy. R. 16, 175-197.

More recently, however, there is substantial evidence that Plaintiff's back and knee conditions have improved. Indeed, the ALJ explained that "a more recent MRI of the claimant's lumbar spine in July 2009 revealed post operative changes at L5-S1 with only minimal anterior listhesis of L4 on L5 with no acute findings." R. 16, 247-253.[3] Moreover, while Plaintiff subjectively reported pain in his knees and treatment records

---

[3]Plaintiff points out that the test done in July 2009 was actually a CT AP/LAT only, not an MRI, and these imaging tests are not the same. Pl.'s Br., p. 12. The more important point, however, is that the results of that test support the ALJ's conclusion by showing "[m]inimal anterior listhesis of L4 on 5" and "no acute findings." R. 247.

revealed swelling in his low back and left knee, physician assistants Melanie Bowen and Lauren Eubanks with Royal Pain Center consistently found that Plaintiff was able to walk unassisted with normal gait and station on January 4, March 11, April 22, and July 12, 2010. R. 16, 271-274. While treatment notes from Plaintiff's March 11, 2010 appointment indicate that claimant could only sit for 15 minutes, stand for 10-15 minutes and walk for 20 minutes, the treatment notes make clear, as the ALJ noted, that Plaintiff reported these limitations to physician assistant Bowen, who did not confirm them. R. 16, 273.

In rejecting Plaintiff's subjective complaints, the ALJ also relied on the opinions of two consulting physicians. First, the ALJ relied on Dr. Juanita Trimor's consultative examination from October 21, 2009. R. 16-17, 255-61. As an initial matter, the ALJ found it "noteworthy that [Plaintiff] was not reporting any knee pain at that time," (R. 16, 255), and both knees showed full range of motion, (R. 257). An examination of Plaintiff's cervical spine revealed no radiation of pain on movement, muscle spasm or tenderness, or signs of radiculopathy, and Plaintiff had full range of motion that was not limited by pain. R. 16-17, 256. An examination of Plaintiff's lumbar spine revealed no tenderness, muscle spasm, or muscle atrophy of the lower extremities. R. 17, 257. Dr. Trimor found that Plaintiff was in pain during range of motion testing on his lumbar spine, but had full range of motion in his back. R. 17, 257. Moreover, Plaintiff's neurological exam revealed normal sensory function and motor strength, and Plaintiff had no extremity impairment as he had normal fine and gross coordination of his extremities, including the dexterity to button clothes. R. 17, 257.

7

Second, the ALJ relied on the opinion of Dr. Howard Colier, a state agency medical consultant, who opined based on his review of the medical evidence of record that Plaintiff could perform light work, consistent with the ALJ's RFC finding. R. 17, 267. Therefore, Plaintiff would be able to stand/and or walk for a total of six hours in an eight hour workday, sit for about six hours in an eight hour workday, have an unlimited ability to push/pull, could frequently climb ramps and stairs and only occasionally climb ladders, ropes and scaffolds, could occasionally balance and stoop and could frequently kneel, crouch, and crawl. R. 17, 262-69.

Lastly, the ALJ noted that, despite Plaintiff's subjective complaints, he had received a termination letter from his treating physician, Dr. John M. Downey, Sr., for missing too many appointments, which may have improved symptoms of his conditions, and there was no evidence from any treating sources that he was ever restricted from working. R. 16-17, 276. In sum, the ALJ rejected Plaintiff's subjective complaints after thoroughly evaluating the evidence in the record and properly considering Plaintiff's testimony under the Holt standard. Because he provided explicit and adequate reasons for finding Plaintiff's testimony not to be credible, the ALJ's credibility determination is supported by substantial evidence. Foote, 67, F.3d at 1562.

B. **The ALJ Properly Determined Plaintiff's RFC After Assessing All of the Evidence and Testimony in the Record, Including Plaintiff's Credibility.**

Plaintiff also argues the ALJ applied the wrong legal standard in assessing his credibility, stating that the ALJ determined Plaintiff's RFC before assessing his credibility. In support of his assertion, Plaintiff points to the following language in the ALJ's decision:

> [a]fter careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements, concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

R. 16. Plaintiff argues that this language shows the ALJ assessed his credibility against a predetermined RFC, denying him fair and impartial evaluation of his claim. Pl.'s Br., p. 8. Plaintiff relies on a Seventh Circuit case, Bjornson v. Astrue, in which the court criticized the use of similar language. 671 F.3d 640, 645-46 (7th Cir. 2012). However, in addition to the fact that the case is not binding on this Court, the court in Bjornson found that the substance of the ALJ's credibility determination was erroneous, and thus did not reverse based on this language alone. Id. at 646-49. Indeed, the Seventh Circuit itself has subsequently stated that, "[i]f the ALJ has otherwise explained his conclusions adequately, the inclusion of this language can be harmless." Filus v. Astrue, 694 F.3d 863, 868 (7th Cir. 2012). Thus, even under Seventh Circuit law, the ALJ's use of the language quoted by Plaintiff is not reversible error where, as here, it is accompanied by a substantive and sufficient credibility determination.

Here, the ALJ did not make his RFC finding first as Plaintiff asserts. Rather, the ALJ merely led with the result and explained his reasoning at length thereafter, which does not render the credibility assessment improper. See Zanders v. Colvin, No. CV 412-182, 2013 WL 4077456, at *5 n. 11 (S.D. Ga. Aug. 12, 2013); see also Mendez v. Astrue, No. 8:11-CV-686, 2012 WL 1493732, at *3 (M.D. Fla. Mar. 21, 2012). As such, there is nothing in the ALJ's decision indicating he improperly assessed Plaintiff's credibility in making his RFC determination, and this issue provides no basis for remand.

## C. The ALJ's Decision Properly Incorporated the Testimony of the VE.

Plaintiff also argues that the ALJ's decision is not supported by substantial evidence because he ignored the testimony of the VE, "who answered in response to a question from the ALJ that if a person had to lay down for at least 1 hour during the day at indeterminable times (as Plaintiff had testified), that person could not perform any jobs." (Pl.'s Br., pp. 7, 18.) The Commissioner argues that the first hypothetical question was consistent with the ALJ's ultimate RFC finding, however, the remaining hypotheticals were based on Plaintiff's subjective complaints, which the ALJ properly rejected, and therefore the ALJ properly disregarded the hypothetical Plaintiff cites because it did not accurately portray Plaintiff's RFC and vocational characteristics. (Comm'r's Br., p. 13.)

The record reflects that the ALJ addressed three separate hypothetical questions to the VE, the first of which is as follows:

> I'd like you to consider the following with a light residual functional capacity with no more than occasional climbing, stooping, balancing. The climbing would be with respect to ladders, ropes and scaffolds. Under the provisions of this hypothetical person, could the individual return to any of the previous work such as performed by the [Plaintiff]?

R. 36. The VE stated that the individual could not, as none of the Plaintiff's previous work was performed at the light level. Id. However, taking into account "the non exertional restrictions, the claimant's age, education and prior relevant work experience," the individual could perform work as a mail clerk, counter clerk, assembler, or assembler of small products. Id. at 36-37.

The ALJ then posed a second hypothetical question to the VE, specifying the same limitations as the first hypothetical but noting that "the individual must exercise a

10

sit stand option at will." Id. The VE testified that only the mail clerk job would "give him an opportunity to change position." Id.

The ALJ posed a third and final hypothetical question to the VE, specifying the same limitations as the second hypothetical and asking him to "assume further that I find the individual must lie down due to moderate to severe pain at unpredictable intervals for an excessive at least one hour per day and against [sic] during the work day ." Id. at 37-38. The VE testified that the individual could not perform any jobs. Id. at 38. Plaintiff's attorney then declined to ask the VE any questions. Id.

Of course, the underlying assumptions of hypothetical questions must accurately and comprehensively reflect the claimant's characteristics, and a reviewing court must determine whether they are supported by substantial evidence. McSwain v. Bowen, 814 F.2d 617, 619-20 (11th Cir. 1987) (*per curiam*); Pendley v. Heckler, 767 F.2d 1561, 1562-63 (11th Cir. 1985) (*per curiam*); see also Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999) ("In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."); Coleman v. Barnhart, 264 F. Supp.2d 1007, 1011 (S.D. Ala. 2003) (failing to comprehensively describe a claimant's impairments and limitations is grounds for remanding case for further proceedings).

Here, Plaintiff's assertion is that the ALJ improperly disregarded the VE's answer to the final hypothetical question, which included limitations to which Plaintiff had testified. (Pl.'s Br., p. 18.) However, as explained in detail supra Part III.A, the ALJ's RFC assessment, which formed the basis for the VE's testimony in response to the first hypothetical, is supported by substantial evidence. That being the basis, Plaintiff's

argument that the ALJ improperly disregarded the remaining hypotheticals posed to the VE because they are inconsistent with Plaintiff's subjective complaints is unavailing given that, as explained <u>supra</u> Part III.A, the ALJ properly assessed Plaintiff's credibility and found it to be inconsistent with the medical evidence of record.

In sum, the ALJ's first hypothetical question was supported by his RFC finding, meaning that the ALJ properly relied upon the VE's testimony in response to that question. However, the remaining hypotheticals were based on Plaintiff's subjective complaints, which the ALJ properly found to be inconsistent with the medical evidence of record, therefore the ALJ properly disregarded the VE's testimony in response to those questions. Accordingly, the ALJ's determination that Plaintiff was not disabled is supported by substantial evidence. <u>McSwain</u>, 814 F.2d at 619-20.

## IV. CONCLUSION

For the reasons set forth above, the Court finds substantial evidence that supports the ALJ's decision and thus **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 17th day of January, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE

12